**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0363n.06

No. 18-5772

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 15, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff–Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| GEORGE VAUGHN, | ) | |
| | ) | **OPINION** |
| **Defendant–Appellant.** | ) | |
| | ) | |

Before: MOORE, KETHLEDGE, and MURPHY, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** George Vaughn, a convicted felon, was caught on a motorcycle with a firearm. He pleaded guilty to a one-count indictment that charged a violation of the statute banning felons from possessing firearms, 18 U.S.C. § 922(g)(1), but he objected to the application of a sentencing enhancement for possessing a firearm in connection with another felony, U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2K2.1(b)(6)(B) (2016). Vaughn threw a can containing methamphetamine and drug packaging paraphernalia from his motorcycle before he was arrested. He argues that the enhancement cannot apply because the drugs were not found in close proximity to the firearm. We reject his arguments and **AFFIRM**.

## I. BACKGROUND

On May 31, 2017, officers of the Mercer County Sheriff's Office saw a stolen vehicle in the driveway of Heather King's house and a motorcycle approaching the house with Ms. King on the back. Presentencing Report (PSR) at 3, ¶ 2 (Page ID #76). Vaughn was driving the motorcycle.

*Id.* Although the officers asked him to stop, he continued driving after indicating to the officers that he had to turn around in order to enter the driveway. *Id.* Vaughn drove the motorcycle over a hill and out of the officers' sight. *Id.* at ¶¶ 2-3.

The officers caught up to Vaughn 150 yards away, where they found him heading back toward King's house. *Id.* at ¶ 3. After the stop, King told the officers that there was a gun in the backpack that was hanging from the back of the motorcycle; Vaughn, unprompted, told the officers that he bought the firearm for King. *Id.* The officers arrested Vaughn, given his status as a convicted felon. *Id.*

Upon questioning by the officers, King revealed that Vaughn drove past the officers to dispose of drugs and that he threw a small can off the motorcycle before the officers caught up to them. *Id.* at ¶ 4. King took the officers to the can, which contained three bags of methamphetamine weighing a total of three grams, "25 small baggies, pills, three syringes and a digital scale." *Id.*

Vaughn pleaded guilty to a one-count indictment that charged a violation of 18 U.S.C. § 922(g)(1), for possessing a firearm after having been convicted of a felony. R. 22 (Minute Entry); R. 29 (Judgment at 1) (Page ID #57). He admitted that he possessed the firearm found on the motorcycle but objected to the proposed four-level sentencing enhancement for possessing a firearm in connection with another felony offense. PSR at 21.

At sentencing, Vaughn denied that the drugs were his but did not address whether he threw the drugs from the motorcycle. R. 35 (Sentencing Tr. at 6, 8–9) (Page ID #107, 109–10). He argued that the enhancement was inapplicable because the drugs were not found near the gun. *Id.* at 6. The district court overruled Vaughn's objection and applied the enhancement, resulting in a

Guidelines range of 41 to 51 months of imprisonment. *Id.* Vaughn's counsel then argued for leniency because of Vaughn's age, health problems, and never-treated drug addictions. *Id.* at 7–8 (Page ID #108–09). The district court sentenced Vaughn to 41 months of incarceration with a recommendation that he participate in a substance-abuse treatment program, obtain his GED, and receive vocational training. *Id.* at 11–13 (Page ID #112–14). Vaughn now appeals.

## II. ANALYSIS

Vaughn challenges his sentence on three grounds. First, he argues that the district court erred in applying the enhancement for possessing a firearm in connection with another felony offense, U.S.S.G. § 2K2.1(b)(6)(B). Second, he argues that his sentence was procedurally unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) factors. Finally, he argues that his sentence was substantively unreasonable. All of Vaughn's arguments fail.

### A. The Sentencing Enhancement

We begin with the sentencing enhancement. We review the district court's factual determinations for clear error. *See United States v. Susany*, 893 F.3d 364, 366–67 (6th Cir. 2018). Because the Guidelines provision at issue is the § 2K2.1(b)(6)(B) firearm enhancement, we do not apply our usual de novo standard of review to the district court's legal conclusions. Rather, we "accord due deference to the district court's determination that the firearm was used or possessed in connection with the other felony." *United States v. Shanklin*, 924 F.3d 905, 919 (6th Cir. 2019) (quoting *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014)).

The district court applied a four-level sentencing enhancement for possessing a firearm in connection with another felony. R. 35 (Sentencing Tr. at 6) (Page ID #107). The other felony in

Vaughn's case was drug trafficking, which, although uncharged, was evidenced by the drug packaging paraphernalia—a digital scale and 25 small baggies—found with the three bags of methamphetamine weighing three grams. PSR at 3, ¶ 4. The Guidelines commentary says that, "in the case of a drug trafficking offense," the enhancement applies when "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia" because "the presence of the firearm has the potential of facilitating" the drug trafficking. U.S.S.G. § 2K2.1 cmt. n.14(B).

Vaughn argues that the district court erred in applying the enhancement to him because the firearm was found over 150 yards from the drugs. Appellant Br. at 13. The district court correctly applied the enhancement because the firearm and drugs "were in the same proximity until [the drugs] were thrown off the motorcycle." R. 35 (Sentencing Tr. at 6) (Page ID #107). Vaughn pleaded guilty to possession of the gun and did not dispute that he threw the drugs from the motorcycle. He denied possession of the drugs at the sentencing hearing, but he does not argue on appeal that the district court erred by implicitly finding that the drugs were his. His sole argument on appeal as to the enhancement is that it was inapplicable because of the distance between the firearm and the drugs, and the district court did not err in rejecting that argument. The district court's application of the four-level enhancement was proper, and its calculation of the Guidelines range was correct.

## B. Procedural Reasonableness

Vaughn next argues that his sentence was procedurally unreasonable because the district court failed to consider the factors listed in 18 U.S.C. § 3553(a). A sentence is procedurally

unreasonable if a district court "fail[s] to consider the § 3553(a) factors." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court must address the parties' arguments in a manner sufficient to "satisfy the appellate court that [the sentencing judge] has considered [those] arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *see also United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (the sentencing court must address "nonfrivolous" arguments raised by the parties). We do not require a district court to engage in a "ritual incantation" of the § 3553(a) factors, however. *United States v. Williams*, 436 F.3d 706, 708–09 (6th Cir. 2006) (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)). Rather, we require only that "the district court articulate[] its reasoning sufficiently to permit reasonable appellate review." *Id.* at 709. The district court did so here.

Aside from objecting to the four-level enhancement, the sole sentencing argument presented to the district court by Vaughn was the argument that Vaughn's age, health problems, and addictions called for leniency. R. 35 (Sentencing Tr. at 7–8) (Page ID #108–09). Although the district court did not explicitly say that it sentenced Vaughn at the bottom of the Guidelines range because of those arguments, it is clear that it considered those arguments in formulating Vaughn's sentence. It sentenced Vaughn to the lowest possible Guidelines sentence, indicating it considered his age and health. *Id.* at 11 (Page ID #112). In addition, the district court recommended a drug treatment program and education and vocational training, and it impressed upon Vaughn the importance of pursuing those opportunities; it clearly heard and was influenced by Vaughn's argument about his untreated addictions. *Id.* at 11–13 (Page ID #112–14). On the

other hand, the district court considered Vaughn's criminal history. It asked Vaughn numerous questions about the circumstances of a prior kidnapping conviction that involved a knife. *Id.* at 9–11 (Page ID #110–12). It is clear that the district court weighed Vaughn's arguments for leniency against the needs of the community for protection and deterrence. The district court was not required to recite each § 3553(a) factor before imposing a sentence. There was no procedural error.

## C. Substantive Reasonableness

Finally, Vaughn argues that his sentence was substantively unreasonable. A substantively unreasonable sentence "is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). An unreasonable sentence might occur if "the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Id.* at 633 (quoting *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008)). We review substantive reasonableness challenges for abuse of discretion and presume a within-Guidelines sentence to be reasonable. *United States v. Roberts*, 919 F.3d 980, 992 (6th Cir. 2019); *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Vaughn cannot clear the high hurdle of showing that it was an abuse of discretion for the district court to impose a 41-month sentence, the lowest possible sentence within the applicable Guidelines range. He argues that "no one was injured and a gun was found 150 yards apart from a minimal amount of narcotics," Appellant Br. at 21, but ignores his attempt to discard evidence

of drug trafficking and his long and occasionally violent criminal history.  The district court considered appropriate factors and did not give an unreasonable amount of weight to any one factor.  Vaughn's substantive reasonableness challenge fails.

### III.  CONCLUSION

For the reasons stated above, we **AFFIRM**.