*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0311a.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
　　　　　　　　*Plaintiff-Appellee,*

　　　*v.*

No. 12-5240

TROY LEE WOODRUFF,
　　　　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 1:10-cr-10052-1—J. Daniel Breen, District Judge.

Decided and Filed: October 29, 2013

Before: GIBBONS, KETHLEDGE, and STRANCH, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Richard A. Cline, RICHARD CLINE & CO., LLC, Columbus, Ohio, for
Appellant. James Powell, UNITED STATES ATTORNEY'S OFFICE, Jackson,
Tennessee, for Appellee.

GIBBONS, J., delivered the opinion of the court, in which KETHLEDGE, J.,
joined, and STRANCH, J., joined in part. STRANCH, J. (pp. 9–10), delivered a separate
opinion concurring in part and dissenting in part.

_____

**AMENDED OPINION**

_____

JULIA SMITH GIBBONS, Circuit Judge. Defendant-appellant Troy Woodruff
pled guilty to being a felon in possession of a firearm and was sentenced to 120 months'
imprisonment. On appeal, Woodruff claims that the district court improperly concluded
that his conviction for facilitation of the sale of cocaine in Tennessee was a "controlled-
substance offense" and therefore applied the incorrect base offense level. He also argues
that his trial counsel was ineffective for failing to object to the Presentence Investigation

1

Report's finding that Woodruff's conviction for facilitation was a controlled-substance offense. For the following reasons, we affirm Woodruff's sentence.

## I.

On December 6, 2010, Woodruff pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The Probation Office prepared a Presentence Investigation Report ("PSR") using the 2010 United States Sentencing Commission Guidelines Manual. According to the PSR, Woodruff's base offense level was twenty-four because he had two prior felony convictions of either a crime of violence or a controlled-substance offense. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2010). Woodruff had been convicted in Tennessee of aggravated burglary and facilitation of the sale of cocaine. The PSR calculated a total offense level of thirty-one after concluding that Woodruff qualified as an armed career criminal and reducing the offense level by three for acceptance of responsibility. At the sentencing hearing, the district court sustained Woodruff's objection to his classification as an armed career criminal and sentenced him to 120 months' imprisonment. Woodruff appeals his sentence.

## II.

Because Woodruff did not object to classification of his conviction for facilitation as a controlled-substance offense, plain-error review applies. Fed. R. Crim. P. 52(b). "[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, . . . (3) that affects substantial rights[,] . . . [and] (4) [that] seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466–67 (1997) (internal quotation marks and alterations in original omitted). A plain error has been described as one that is obvious or clear. *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006).

A base offense level of twenty-four applies when a defendant has been convicted of being a felon in possession of a firearm and has previously been convicted of two

felonies of either a crime of violence or a controlled-substance offense.  U.S. Sentencing

Guidelines Manual § 2K2.1(a)(2) (2010).  A controlled-substance offense is defined as

> an offense under federal or state law, punishable by imprisonment for a
> term exceeding one year, that prohibits the manufacture, import, export,
> distribution, or dispensing of a controlled substance (or a counterfeit
> substance) or the possession of a controlled substance (or a counterfeit
> substance) with intent to manufacture, import, export, distribute, or
> dispense.

*Id.* § 4B1.2(b).  A controlled-substance offense includes "the offenses of aiding and

abetting, conspiring, and attempting to commit such offenses."  *Id.* § 4B1.2 cmt. n. 1.

Woodruff was convicted in Tennessee of "facilitation" of the sale of cocaine.[1]

Tennessee law provides that "[a] person is criminally responsible for the facilitation of

a felony, if, knowing that another intends to commit a specific felony, but without the

intent required for criminal responsibility under [the statute that criminalizes aiding the

commission of an offense], the person knowingly furnishes substantial assistance in the

commission of the felony."  Tenn. Code Ann.  § 39-11-403.  This section applies to a

person "who facilitates criminal conduct of another by knowingly furnishing substantial

assistance to the perpetrator of a felony, but who lacks the intent to promote or assist in,

or benefit from, the felony's commission."  *Id.* cmt.

To determine whether Woodruff's conviction for facilitation is a controlled-

substance offense, we apply the "categorical" approach.  *United States v. Galloway*, 439

F.3d 320, 322 (6th Cir. 2006).  Under this approach, the court looks to "the statutory

definition of the crime of conviction and not the facts underlying that conviction."

*United States v. Rodriguez*, 664 F.3d 1032, 1036 (6th Cir. 2011).  We consider "whether

the elements of the offense are of the type that would justify its inclusion" within the

definition of a controlled-substance offense.  *James v. United States*, 550 U.S. 192, 202

(2007) (emphasis omitted) (considering whether the elements of a certain offense

---

[1] Unless otherwise noted, "facilitation" refers to facilitation under Tennessee law.

justified its inclusion within the residual provision of the definition of a "violent felony" under the Armed Career Criminal Act).

This court has applied the categorical approach in other cases to hold that convictions for solicitation in Florida, *see United States v. Dolt*, 27 F.3d 235 (6th Cir. 1994), and possession of a controlled substance in Ohio, *see United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006), are not controlled-substance offenses. In *Dolt*, this court compared the elements of solicitation to the elements of aiding and abetting, conspiracy, and attempt. We concluded that solicitation is not substantially equivalent to those offenses for the following reasons: (1) unlike aiding and abetting, solicitation does not require that the defendant engage in affirmative conduct to aid the commission of an offense; (2) unlike conspiracy, solicitation does not require an agreement to be reached between the solicitor and the person solicited; and (3) unlike attempt, "solicitation does not require an overt act on the part of the defendant to complete the crime." *Dolt*, 27 F.3d at 239. In *Montanez*, the defendant had been convicted in Ohio of drug possession, in violation of Ohio Revised Code § 2925.03. 442 F.3d at 488. This court explained that "[n]either of the defendant's prior convictions contained an element of intent to distribute that would allow his current sentence to be enhanced under [the career-offender provision of the Guidelines]." *Id.* at 494.

Applying the categorical approach to compare facilitation to the controlled-substance offenses listed in the Guidelines, we hold that facilitation under Tennessee law is not a controlled-substance offense. Facilitation is not a controlled-substance offense because the elements required to prove facilitation are not substantially equivalent to the elements of aiding and abetting, conspiracy, and attempt. Unlike those offenses, facilitation does not require the defendant to form an "intent to promote or assist in, or benefit from, the felony's commission." Tenn. Code Ann. § 39-11-403 cmt; *cf. id.* §§ 39-12-101(a), 39-12-103(a), 39-11-402 (stating that a defendant must have the culpability required of the primary offense to be convicted of attempt, conspiracy, and aiding of that offense).

The Second Circuit reached a similar conclusion in holding that the defendant's conviction for facilitation under New York law was not a controlled-substance offense. *United States v. Liranzo*, 944 F.2d 73 (2d Cir. 1991).  Facilitation in New York, like in Tennessee, is defined as conduct "in which the actor aids the commission of a crime with knowledge that he is doing so but without any specific intent to participate therein or benefit therefrom."    William C. Donnino, *Practice Commentary, McKinney's Consolidated Laws of New York*, N.Y. Penal Law § 115.00.  The Second Circuit explained that "unlike the crimes of aiding and abetting, conspiracy, or attempt, the crime of criminal facilitation does not involve the *intent* to commit the underlying substantive offense." *Liranzo*, 944 F.2d at 79.  The Eighth Circuit has also held that facilitation under New York law is not a controlled-substance offense. *United States v. Pazzanese*, 982 F.2d 251, 254 (8th Cir. 1992) ("[Defendant's] criminal facilitation conviction does not prove that he had the mental culpability to commit a felony grade offense involving controlled substances because no such element need be proved.").

Despite our conclusion that facilitation in Tennessee is not a controlled-substance offense, the district court's error was not plain.  Plain error can occur at the time of a district court's decision and at the time of appellate review. *Henderson v. United States*, 133 S. Ct. 1121, 1124–25 (2013) (holding that error is "plain" under Fed. R. Crim. P. 52(b) if it is plain as of the time of appellate review).  At the time of the district court's decision, the law in this circuit consisted of the unpublished case *United States v. Wicks*, No. 95-5478, 1997 WL 259375, at *3 (6th Cir. May 15, 1997) (holding that this question does not have a "clear or obvious" answer and affirming the district court judgment on plain-error review).  There was thus no controlling law before the district court.  Moreover, "*Dolt* and *Liranzo* illustrate the highly technical nature" of the analysis required to reach the correct result. *Id.*  In addition, an application note to the Guidelines makes the result that we have reached even less obvious.  Added in 1997, it states that "[u]sing a communications facility in committing, causing, or facilitating a drug offense (21 U.S.C. § 843(b)) is a 'controlled substance offense' if the offense of conviction established that the underlying offense (the offense committed, caused, or facilitated) was a 'controlled substance offense.'" U.S. Sentencing Guidelines Manual § 4B1.2 cmt.

n.1 (1998).    Section 843(b) prohibits a person from "knowingly or intentionally . . . us[ing] any communication facility in committing or in causing or facilitating the commission of any act or acts constituting [certain felonies]." 21 U.S.C. § 843(b).  The presence of the word "facilitating" in the definition of this federal offense could possibly lead a court to conclude that facilitation under Tennessee law is also a controlled-substance offense.

However, facilitation has different meanings in these two contexts.  As discussed above, facilitation under Tennessee law is distinct from aiding and abetting because a defendant convicted of facilitation lacks "the intent to promote or assist in, or benefit from, the felony's commission."  Tenn. Code Ann. § 39-11-403 cmt.  By contrast, the Supreme Court has explained that "facilitate" as used in § 843(b) has a meaning equivalent to "aid and abet," relying upon the Black's Law Dictionary definition of "facilitation" as "[t]he act or an instance of aiding or helping; . . . the act of making it easier for another person to commit a crime." *Abuelhawa v. United States*, 556 U.S. 816, 821 (2009) (alterations in original).  An individual who aids or abets must "wish[] to bring about [the crime and] seek by his action to make it succeed." *Rattigan v. United States*, 151 F.3d 551, 557–58 (6th Cir. 1998) (quoting *United States v. Morrow*, 977 F.2d 222, 230 (6th Cir. 1992) (*en banc*)).  Because a conviction under § 843(b) requires proof of a different state of mind than a conviction for facilitation in Tennessee, the former qualifies as a controlled-substance offense while the latter does not.  The analysis required to reach this conclusion, however, is nuanced and cannot fairly be described as obvious or clear.  Therefore, the district court's error was not plain when made.

Nor was the district court's error plain at the time of appellate review.  Error is "plain" within the meaning of Federal Rule of Criminal Procedure 52(b) if the error is plain at the time of appellate review. *Henderson*, 133 S. Ct. at 1124–25 (2013).  "[A]n appellate court must apply the law in effect at the time it renders its decision." *Id.* at 1129 (internal citations omitted); *see also United States v. Schooner Peggy*, 1 Cranch 103, 110 (1801) ("[I]f subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law

must be obeyed, or its obligation denied."). Here, there was no intervening change of law between the time of Woodruff's sentence and the time of appellate review governing whether facilitation under Tennessee law is a controlled-substance offense. *Cf. Henderson*, 133 S. Ct. at 1125 (finding an intervening change of law between defendant's sentence and time of appellate review created plain error as of the later time). Where there has been no intervening change of law, the principle of *Henderson* and *Schooner Peggy* does not permit us to fashion a new rule and then apply it to determine whether the district court's error was plain. If it were otherwise, we would conduct *de novo* review, not plain error review.

We conclude that the district court did err in its conclusion that facilitation under Tennessee law is a controlled-substance offense because, in light of our definitive holding, it is not. Its error was not plain, however, because the state of the law was both uncertain and not obvious at the time of its decision and at the time of appellate review.

## III.

Woodruff also argues that his trial counsel was ineffective for failing to object to the PSR's finding that his conviction was a controlled-substance offense. "'As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations.'" *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005) (quoting *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)). However, the court will review an ineffective-assistance-of-counsel claim on direct appeal where "the record is adequately developed to allow the court to properly assess the merits of the issue." *United States v. Fortson*, 194 F.3d 730, 736 (6th Cir. 1999). In this case, there is no affidavit or testimony from Woodruff's trial counsel explaining his decision not to raise an objection to the PSR's finding that his conviction for facilitation was a controlled-substance offense. We therefore decline to address Woodruff's ineffective-assistance-of-counsel claim at this time.

IV.

For the reasons provided above, we affirm Woodruff's sentence.

---

**CONCURRING IN PART AND DISSENTING IN PART**

---

JANE B. STRANCH, Circuit Judge, concurring in part and dissenting in part. I agree that Mr. Woodruff's Tennessee conviction for facilitating the sale of cocaine does not qualify as a controlled substance offense under USSG § 2K2.1(a)(2). Because this error was plain at the time of the sentencing hearing, I would reverse and remand for resentencing.

This court previously decided in *United States v. Wicks*, 114 F.3d 1190, 1997 WL 259375 (6th Cir. May 15, 1997) (unpublished), that the Tennessee offense of facilitating drug trafficking is not a "controlled substance offense" because facilitation does not require intent to commit the underlying substantive offense as does conspiracy, attempt, and aiding and abetting. *Id.* at *3. The court in *Wicks* relied on *United States v. Dolt*, 27 F.3d 235 (6th Cir. 1994), and *United States v. Liranzo*, 944 F.2d 73 (2d Cir. 1991), the same cases the majority now cites in support of its opinion.

In a published Ohio case issued just over a year after *Wicks*, this court explained the difference between criminal facilitation and criminal attempt, again relying on *Liranzo*. *See United States v. Spikes*, 158 F.3d 913, 931–32 (6th Cir. 1998). The court held that an attempted aggravated drug trafficking conviction qualified as a predicate "felony drug offense" under 21 U.S.C. § 841(b)(1) because attempt is different than facilitation. *Id.* at 932.

The determination in the majority opinion regarding facilitation was preordained by *Wicks*, *Spikes*, *Liranzo*, and *Dolt*. Therefore, I would hold that the error in using the facilitation offense as a "controlled substance offense" to set Mr. Woodruff's base offense level was "clear or obvious" when the district court sentenced him in early 2012. Because Mr. Woodruff will have to serve 24 months longer than he would have if the offense level had been calculated correctly, I would also hold that the error substantially affected his rights and seriously affected the fairness, integrity or public reputation of the judicial proceeding. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

Obviously, the difficulty presented here is due to the applicable plain error standard of review.  Had Mr. Woodruff's attorney preserved an objection to counting the facilitation offense in setting the base offense level, we would be determining that "the sentence was imposed . . . as a result of an incorrect application of the sentencing guidelines," and remanding the case for resentencing.  18 U.S.C. § 3742(f).  *See also United States v. Duckro*, 466 F.3d 438, 444–45 (6th Cir. 2006) ("Even though the Supreme Court declared the guidelines advisory in Booker, we are still required to remand for resentencing if the district court misapplies the guidelines," citing § 3742(f)).  But there is another potential avenue for relief that Mr. Woodruff may pursue under 28 U.S.C. § 2255.

Accordingly, I respectfully dissent from that portion of the opinion declining to grant any relief to Mr. Woodruff.