NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0054n.06

No. 13-3232

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td></td><td></td><td></td></tr>
</table>

UNITED STATES OF AMERICA,          )

                          )

     Plaintiff-Appellee,          )

                          )

v.                             )    ON APPEAL FROM THE UNITED

                          )    STATES DISTRICT COURT FOR

WILLIAM HERDER,            )    THE NORTHERN DISTRICT OF

                          )    OHIO

     Defendant-Appellant.     )

                          )

                          )

**FILED**
Jan 22, 2014
DEBORAH S. HUNT, Clerk

Before:  SUHRHEINRICH, SILER, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Beginning in 2000, William Herder stopped paying taxes on income he earned as an insurance salesman.  He further attempted to conceal assets and income from the IRS by structuring his financial transactions to avoid his bank's reporting requirements.  In 2012, the government indicted Herder for various tax and financial crimes.  Herder pled guilty to one count of corruptly endeavoring to obstruct and impede the administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a), and one count of structuring currency transactions to avoid reporting requirements, in violation of 31 U.S.C. § 5324(a)(3) and (d)(2).  He now argues that the United States violated his plea agreement.  We reject his arguments, and affirm.

Herder's primary argument is that the government breached his plea agreement when it recommended in its sentencing memorandum that the court require Herder to pay his entire tax liability rather than the lower figure listed in his plea agreement.  The plea agreement specified that

Herder "agree[d] to pay restitution to the IRS of the amounts of income taxes, interest, and penalties owing by him for the years 2005-2011, in the total amount of $149,238.04." (R. 21 at 12). Before sentencing, however, the government submitted a memorandum stating that "this figure did not encompass interest and penalties[.]" (R. 26 at 14). The government therefore "recalculated the defendant's outstanding tax liability for restitution purposes" at $253,191.11, and requested that the court "order the defendant to pay restitution to the IRS in the amount of his outstanding tax liability." (R. 26 at 14). But the government expressly disavowed this request at sentencing, and clarified that it was "not going to contest" the $149,238.04 number in Herder's plea agreement "except to make clear to the Court that that's . . . not a number that includes interest and penalties." The court pressed the government as to whether it was "still looking for penalties and interest," but the government responded that it was "not asking the Court to involve itself in that." (R. 35 and 21). Nevertheless, the court ordered Herder to pay the full $253,191.11 in restitution.

Herder admits that he did not object to the government's sentencing memorandum. We therefore review this argument for plain error. *United States v. Keller*, 665 F.3d 711, 714 (6th Cir. 2011). "A plain error is one that is clear or obvious and affects a defendant's substantial rights." *United States v. Cox*, 565 F.3d 1013, 1016 (6th Cir. 2009) (quotation marks and alterations omitted).

We start with whether the government breached the plea agreement to begin with. Although Herder himself "agree[d] to pay restitution . . . of the amount of income taxes, interest, and penalties owing by him . . . in the total amount of $149,238.04," nothing in the plea agreement required the government to recommend this figure. Indeed, the agreement stated that "[t]he parties have no agreement about the sentence"—which of course includes restitution—"to be imposed in this

case[.]" And the agreement explicitly stated that "[e]ach party is free to recommend whatever sentence it believes to be appropriate." Thus, the government did not breach its plea agreement when it recommended in its sentencing memorandum that the court order Herder to pay his entire tax liability.

Herder argues in the alternative that, if the government did not breach the plea agreement, then his plea was not knowing and voluntary. He contends that—because his plea agreement stated that the "total amount" of "income taxes, interest, and penalties" that he owed was $149,238.04—he did not realize when he pled guilty that the government could advocate for a larger figure at sentencing. (R. 21 at 12). But a factual statement in a plea agreement "cannot be reasonably read as a promise by the government to make (or not make) certain arguments at sentencing." *United States v. Beals*, 698 F.3d 248, 257 (6th Cir. 2012). And here the plea agreement made clear that the government did not promise to recommend a particular sentence. The agreement was read aloud at sentencing and Herder swore that he understood and approved of its provisions on each page. Thus, any error as to the voluntariness of Herder's plea was not plain. *See United States v. Woodruff*, 735 F.3d 445, 448 (6th Cir. 2013); *see also United States v. Payton*, 380 F. App'x 509, 512 (6th Cir. 2010).

Herder also argues that his counsel's failure to object to the government's sentencing memorandum violated his Sixth Amendment right to effective counsel. Although we typically reserve ineffective-assistance claims for collateral review, we can easily address Herder's claim here because it is completely derivative of his breach argument. *Cf. United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000). Here, as explained above, Herder's plea agreement did not

prohibit the government from advocating for greater restitution. Thus, his counsel's failure to object to the government's memorandum was not ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). Nor can Herder show the requisite prejudice, because the government clarified at sentencing that its restitution request was limited to the figure in his plea agreement. *Id.*

The district court's judgment is affirmed.