NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0080n.06

No. 18-3569

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Feb 15, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DEANDRE FORREST, | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

___

BEFORE: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Deandre Forrest is a drug dealer. Operating out of his apartment in Columbus, Ohio, Forrest manufactured crack cocaine, and sold both crack and powder cocaine to customers. His activities eventually caught the eye of local and federal law-enforcement authorities and he was convicted of multiple drug and firearm counts. In this direct appeal, Forrest raises a single sufficiency-of-the-evidence challenge and an ineffective-assistance-of-counsel claim. For the reasons stated below, we affirm his conviction and decline to address his ineffective-assistance claim.

I.

Although convicted of seven counts, Forrest challenges the sufficiency of the evidence only on his conviction for conspiring with Antoine Young to possess and distribute 280 grams or more of crack cocaine. Forrest asserts error here because the direct evidence linking Forrest and

Young arose from two discrete interactions—Young was arrested with half a kilogram of crack cocaine shortly after leaving Forrest's apartment, and Forrest offered to help pay Young's legal fees after Young agreed not to cooperate—which he claims neither show a conspiracy nor Forrest's participation in one.

A defendant claiming insufficient evidence to support a conviction "faces a high bar" on appeal. *United States v. Persaud*, 866 F.3d 371, 379–80 (6th Cir. 2017). This is because we must uphold a jury's conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We will sustain a conviction based on circumstantial evidence alone, and the evidence need not disprove every hypothesis except that of guilt. *United States v. Lindo*, 18 F.3d 353, 357 (6th Cir. 1994). A sufficiency claim does not require us to "weigh the evidence presented, consider the credibility of witnesses, or substitute our judgment for that of the jury." *United States v. Jackson*, 470 F.3d 299, 309 (6th Cir. 2006) (citation omitted). Rather, we "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *Id.* (citation omitted).

To convict a defendant for conspiracy in violation of 21 U.S.C. § 846, the government must prove beyond a reasonable doubt that: (1) there existed an agreement to violate drug laws (here, possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841); (2) defendant had knowledge of, and intended to join, the agreement; and (3) defendant participated therein. *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005). The government need not establish a formal agreement; rather, "a tacit or material understanding" is enough, and a defendant's "knowledge of and participation in a conspiracy may be inferred from his conduct and established by circumstantial evidence." *Id.* (citation omitted). Upon proof of an agreement, "a defendant's

connection to the conspiracy, need only be slight, and the government is only required to prove that the defendant was a party to the general conspiratorial agreement." *United States v. Deitz*, 577 F.3d 672, 677 (6th Cir. 2009) (internal quotation marks omitted). The record in this case reveals no reason to set aside the jury's conclusion Forrest conspired with Young to possess and distribute crack cocaine.

Although the quantity of the evidence of a conspiracy offered against Forrest was marginal, its quality was not. Law enforcement officials began investigating Forrest's drug-dealing activities in 2016. The investigation led to several controlled drug buys of distribution-level amounts of cocaine between a confidential informant and Forrest, and the execution of a search warrant on Forrest's apartment in June 2017. Just before officials were about to enter Forrest's apartment to effectuate the warrant, they observed Young enter the rear of the apartment and leave moments later, carrying what appeared to be a brown grocery bag. Forrest's own video surveillance system showed that Young entered carrying a bag, retrieved something inside, and left holding something in his left hand—all within thirty seconds. Officers stopped Young's car and discovered a brown grocery bag that contained four plastic sandwich bags, each containing 125 grams of crack cocaine—for a total of nearly half a kilogram. The crack cocaine was recently manufactured, and not in a form or size conducive to individual, one-gram-a-dose use. Officers found other significant evidence of drug trafficking and recent manufacturing activity inside Forrest's apartment. In addition, they located a bag containing about $27,000 in cash, "tied up with . . . rubber bands."

A few days later, Young, Forrest, and an unidentified woman spoke on a recorded jailhouse phone call. During the call, Forrest discussed how the authorities were going to try to get Young to cooperate, described Young as "my bro," and suggested that if Young cooperated, "then I don't

know what you are talking about." Forrest reiterated he had Young's "back," and promised to "get that paper"—i.e., money for Young's legal expenses.

Based on the above evidence, we agree any rational trier of fact could conclude Forrest conspired with Young to possess and distribute at least 280 grams of crack cocaine. First, a rational trier of fact could find Young entered Forrest's apartment and exchanged tens of thousands of dollars for nearly half a kilogram of crack cocaine. Second, because Young spent only thirty seconds in the apartment, a rational trier of fact could conclude Young and Forrest had a "level of mutual trust between the buyer and the seller," engaged in advanced planning, or had an enduring arrangement sufficient to find a conspiracy beyond a "regular" buyer-seller relationship. *See Deitz*, 577 F.3d at 681; *see also United States v. Nesbitt*, 90 F.3d 164, 167 (6th Cir. 1996); *United States v. Anderson*, 89 F.3d 1306, 1310 (6th Cir. 1996). That is, the less-than-a-minute exchange would not have permitted Forrest to weigh the crack cocaine (as he had done for purchases with the confidential informant) or count the rubber-banded buy money. Third, the jailhouse call lends weight to this relationship, with Forrest offering to help cover Young's legal expenses while at the same time emphasizing the need to not cooperate with authorities to protect the conspiracy. And finally, "a large volume of narcotics creates an inference of conspiracy." *United States v. Brown*, 332 F.3d 363, 373 (6th Cir. 2003) (citation and brackets omitted). Nearly half a kilogram of recently manufactured crack cocaine divided into four equally large, distribution-type quantities, suffices in our eyes.

Viewing the entirety of the evidence in the light most favorable to the government, we affirm defendant's conspiracy conviction.

II.

Forrest also claims his trial counsel provided constitutionally deficient performance by failing to subpoena a potential exculpatory witness. Supposedly, that witness was to testify he saw Young selling crack cocaine a few hours before Young went to Forrest's apartment, and thus, according to defendant, this evidence "strongly implied that Young already had drugs before going to the residence." Usually, we pass on ineffective-assistance claims on direct appeal so that the parties may better develop the record in collateral proceedings. *See, e.g.*, *United States v. Levenderis*, 806 F.3d 390, 401–02 (6th Cir. 2015). Here, the record is woefully underdeveloped; at a minimum, there is no evidence from trial counsel explaining his decision not to subpoena the witness. *See United States v. Woodruff*, 735 F.3d 445, 451–52 (6th Cir. 2013). Given this, and that trial counsel's ineffectiveness is not apparent from the record, there is no reason to deviate from our general approach. *Levenderis*, 806 F.3d at 401–02. We therefore decline to address Forrest's ineffective-assistance claim in this direct appeal.

III.

For these reasons, we affirm defendant's conspiracy conviction, and decline to address his ineffective-assistance-of-counsel claim.