**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0217n.06

No. 19-5963

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 16, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| CHADERICK MCCLAIN, | ) | |
| | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |

Before: MOORE, McKEAGUE, and READLER, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Chaderick McClain pleaded guilty to two counts of being a felon in possession of a firearm. At sentencing, the district court relied on a prior Tennessee conviction for possession of a controlled substance with intent to deliver to serve as a predicate offense under § 2K2.1(a)(4)(A) of the United States Sentencing Guidelines, leading to a heightened base-offense level of twenty. On appeal, McClain argues that his sentence is procedurally unreasonable because the offense of possession of a controlled substance with intent to deliver under TENN. CODE ANN. § 39-17-417(a)(4) cannot serve as a predicate offense due to our reasoning in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). We disagree and **AFFIRM** the district court.

**I. BACKGROUND**

Chaderick McClain, a convicted felon, possessed a firearm on two separate occasions, once in 2016 and once in 2017. R. 47 (Presentence Report ("PSR") at 4) (Page ID #183). The details

of those incidents are not relevant to McClain's appeal, and therefore we only briefly recount them. On November 26, 2016, police responded to a domestic disturbance and arrested McClain on unrelated outstanding warrants. A search incident to arrest produced a Davis Industries, model Derringer, .22 magnum pistol. *Id.* On January 31, 2017, local police conducted a traffic stop and observed McClain, the driver, with a methamphetamine pipe protruding visibly from his shirt pocket. *Id.* at 5 (Page ID #184). The police officers asked McClain if there was anything illegal in the vehicle, and he responded that he had a pistol underneath the seat. Police officers recovered a Charter Arms, model Undercover, .38 special revolver. McClain "advised that he knew he was not supposed to possess a firearm since he was a convicted felon." *Id.*

McClain was indicted on two counts of being a felon in possession of a firearm, otherwise known as felon-in-possession, pursuant to 18 U.S.C. § 922(g)(1), one for each of the aforementioned incidents. R. 21 (Indictment (Penalty Copy) at 1–2) (Page ID #35–36). He pleaded guilty to both counts without a plea agreement, R. 57 (Change of Plea & Sent'g Hr'g Tr. at 20, 25) (Page ID #256, 261).

The final PSR calculated McClain's base-offense level as twenty under § 2K2.1(a)(4)(A) of the Sentencing Guidelines. R. 47 (PSR at 6) (Page ID #185). Section 2K2.1(a)(4)(A) provides that if a defendant is convicted for the unlawful possession of a firearm, among other offenses, and has one prior felony conviction for a "controlled substance offense," then the defendant's applicable base-offense level is twenty. § 2K2.1(a)(4)(A). McClain's 2002 conviction in Tennessee for "Possession of a Schedule II Controlled Substance (Methamphetamine) with Intent to Deliver" served as the predicate controlled-substance offense. R. 47 (PSR at 6) (Page ID #185).

McClain's total offense level was twenty-one, his criminal history category was IV, and the Guidelines imprisonment range was fifty-seven to seventy-one months. *Id.* at 25 (Page ID #204).

Whether McClain's Tennessee conviction could serve as a controlled-substance offense under § 2K2.1(a)(4)(A) was disputed. Initially, the United States Probation Office relied on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), to conclude that McClain's possession-with-intent-to-deliver conviction under TENN. CODE ANN. § 39-17-417(a)(4) could not serve as a predicate controlled-substance offense. R. 47-3 (Suppl. Info. at 1) (Page ID #211). The Probation Office then changed its position and determined that the Tennessee conviction could serve as a predicate offense. *Id.* at 1 (Page ID #211). Its revised position was that *Havis* applied only to TENN. CODE ANN. § 39-17-417(a)(2), prohibiting the delivery of a controlled substance. *Id.* The government and McClain filed position papers on the issue; the government agreed with the Probation Office, and McClain argued that *Havis* applies to his conviction under subsection (a)(4). R. 44 (Suppl. Position of the United States at 1–3) (Page ID #156–58); R. 46 (Suppl. to Def.'s Position at 2) (Page ID #173). These positions were reflected in the government's lack of objections to the revised PSR and McClain's objections to the revised PSR. *See* R. 47-4 (Aug. 19, 2019 Objs.) (Page ID #213). McClain reiterated his objections during the change of plea and sentencing hearing. R. 57 (Change of Plea & Sent'g Hr'g Tr. at 28–31, 37, 60) (Page ID #264–67, 273, 296).

The district court ultimately sided with the government. *Id.* at 34–35 (Page ID #270–71). The district court sentenced McClain to fifty-seven months of imprisonment and three years of supervised release. *Id.* at 56 (Page ID #292); R. 52 (J. at 2–3) (Page ID #218–19). This timely appeal followed. *See* R. 54 (Notice of Appeal) (Page ID #230).

## II.  LEGAL STANDARD

We review a district court's calculation of a sentencing range under the Guidelines for procedural reasonableness.  *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008).  When a defendant preserves a calculation issue for appeal, we "review for abuse of discretion," and the district court's failure to calculate properly the Guidelines range is an abuse of discretion.  *United States v. Duke*, 870 F.3d 397, 401 (6th Cir. 2017).  "Whether a prior conviction counts as a predicate offense under the Guidelines is a question of law subject to de novo review."  *Havis*, 927 F.3d at 384 (citing *United States v. Wynn*, 579 F.3d 567, 570 (6th Cir. 2009)).

## III.  ANALYSIS

McClain raises two arguments on appeal as to why his conviction under TENN. CODE ANN. § 39-17-417(a)(4) cannot serve as a controlled-substance offense under the Guidelines.  First, he argues that "[t]he definition of 'controlled substance offense' in the text of USSG § 4B1.2(b) does not include possession with intent to deliver."  Appellant Br. at 10.  Second, he contends that a defendant "can be convicted of possession with intent to *attempt* to deliver in Tennessee" when charged with possession of a controlled substance with intent to deliver under TENN. CODE ANN. § 39-17-417(a)(4), meaning that subsection (a)(4) criminalizes attempts and thus subsection (a)(4) convictions cannot serve as a controlled-substance offense under *Havis*.  *Id.* at 15 (emphasis added).  We reject both of McClain's arguments.

### A.  Legal Framework

This appeal turns on the intersection of the applicable Guidelines, the Tennessee drug-trafficking statute, and our method of analysis for determining whether a prior conviction can serve as a predicate offense under the Guidelines.  Thus, a short overview of each is warranted.

Guideline § 2K2.1(a)(4) applies when "the defendant committed any part of the instant offense [here, unlawful possession of a firearm,] subsequent to sustaining one felony conviction of either a crime of violence *or a controlled substance offense*." § 2K2.1(a)(4) (emphasis added). Section 4B1.2(b) of the Guidelines provides the definition of "controlled substance offense." *See* § 2K2.1, cmt. n.1. A "controlled substance offense" is

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) *or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense*.

§ 4B1.2(b) (emphasis added). Though the commentary to § 4B1.2(b) provided that a "'[c]rime of violence' and 'controlled substance offense' include . . . attempting to commit such offenses," § 4B1.2(b), cmt. n.1, we concluded in *Havis* that "attempt crimes do not qualify as controlled substance offenses" under § 4B1.2(b). *Havis*, 927 F.3d at 387. The text of § 4B1.2(b) did not include attempt crimes, and so we concluded that the commentary about attempts went beyond interpreting the text of § 4B1.2(b). *Id.* at 386–87. Therefore, the commentary addressing attempts did not deserve deference, and the text of the Guideline controls. *Id.* at 387.

Section 39-17-417(a) of Tennessee's drug-trafficking statute provides:

(a) It is an offense for a defendant to knowingly:
    (1) Manufacture a controlled substance;
    (2) Deliver a controlled substance;
    (3) Sell a controlled substance; or
    (4) Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance.

TENN. CODE ANN. § 39-17-417(a) (2019). Section 39-17-402(6) defines "'deliver' or 'delivery'" as "the actual, constructive, or *attempted transfer* from one person to another of a controlled

substance, whether or not there is an agency relationship." TENN. CODE ANN. § 39-17-402(6) (2019) (emphasis added).[1]

To determine whether a prior conviction is a controlled-substance offense under § 4B1.2(a), we apply the categorical approach. *Havis*, 927 F.3d at 384. First, we consider "the *least of the acts criminalized* by the elements of [the] statute," not McClain's actual conduct. *Id.* 384–85 (citing *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)). We "then determine whether even those acts are encompassed by the" Guidelines definition of a controlled-substance offense. *Moncrieffe*, 569 U.S. at 190–91. "[I]f the least culpable conduct falls outside [the Guidelines] definition, then the statute is too broad to qualify," meaning that the statute does not "categorically qualif[y] as a controlled substance offense." *Havis*, 927 F.3d at 385. Identifying the least culpable conduct, however, is not a theoretical exercise. There must be "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside" the Guidelines definition of a controlled-substance offense. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

A modified categorical approach is utilized when the prior offense statute is divisible, meaning it "encompasses multiple alternative elements, not all of which are within the generic definition of the [offense], thus making the [ ] crime [of the prior conviction] broader than the predicate offense." *United States v. Goldston*, 906 F.3d 390, 394 (6th Cir. 2018). Put differently, a statute is divisible when the statutory provision "contain[s] several different crimes." *Moncrieffe*,

---

[1]When McClain pleaded guilty, the versions of the statutes in place in 2002 were applicable. However, neither § 39-17-417(a)(4) nor § 39-17-402(6) have been altered in subsequent amendments. *Compare* TENN. CODE ANN. § 39-17-417(a)(4)(2019) *with* TENN. CODE ANN. § 39-17-417(a)(4) (2002); *compare* TENN. CODE ANN. § 39-417-402(6) (2019) *with* TENN. CODE ANN. § 39-17-402(6) (2002).

569 U.S. at 191. Under those circumstances we look to certain documents, *Shepard* documents, to "determine which particular offense the [defendant] was convicted of." *Id.* A modified categorical approach serves only to focus the federal court's analysis of the prior offense, meaning that courts apply the same steps set forth above to the relevant portion of the divisible statute. *See id.* We have held that § 39-17-417(a) is divisible, *Goldston*, 906 F.3d at 394, but we have not concluded whether subsection (a)(4) is further divisible.

With these basic concepts in mind, we proceed to the two issues on appeal.

**B. Text of Section 4B1.2(b)**

McClain argues that because the text of Guideline § 4B1.2(b) does not include the word "deliver," as in TENN. CODE ANN. § 39-17-417(a)(4), his conviction under subsection (a)(4) cannot serve as a controlled-substance offense. Though we held in *Havis* that "[t]he text of § 4B1.2(b) controls," we did so in concluding that "[t]he Commission's use of commentary to add attempt crimes to the definition of 'controlled substance offense' deserves no deference" because the text of the Guideline included only completed offenses. 927 F.3d at 386–87. *Havis* presented a narrow question about the role that the commentary plays in interpreting the Guidelines themselves; it does not disturb the categorical approach, which requires federal courts to ignore the labels describing an offense. *See Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) ("[T]he label a State assigns to a crime—whether 'burglary,' 'breaking and entering,' or something else entirely—has no relevance to whether that offense is an ACCA predicate."). Whether "manufacture, import, export, distribute, or dispense" from Guideline § 4B1.2(b) includes or encompasses "deliver" as in TENN. CODE ANN. § 39-17-417(a)(4) has nothing to do with whether the commentary in the Guidelines goes beyond interpreting the text of the Guidelines. McClain must still demonstrate

that he could be convicted of possession of a controlled substance with intent to deliver in Tennessee "without necessarily having committed a 'controlled substance offense' as that term is defined by the Guidelines," which he fails to do. *See United States v. Merriweather*, 728 F. App'x 498, 515 (6th Cir 2018); *see generally Goldston*, 906 F.3d at 395–97 (conducting an elements-based inquiry of TENN. CODE ANN. § 39-17-417(a)(2) under the categorical approach in the ACCA context).

We have rejected this argument before. In *United States v. Douglas*, we explained that this argument "reads too much into these lexical differences. Our inquiry is not whether the elements of the crime contain the same words as the Guidelines' definition—it is 'whether the elements of the offense are of the *type* that would justify its inclusion within the definition of a controlled-substance offense.'" 563 F. App'x 371, 377 (6th Cir. 2014) (quoting *United States v. Woodruff*, 735 F.3d 445, 449 (6th Cir. 2013)). Admittedly, *Douglas* applied plain-error review and did not formally apply the categorical approach. *See id.* at 376–78. Nevertheless, this does not permit McClain to use *Havis* to side-step the categorical approach.

## C. *Havis*

Alternatively, McClain argues that TENN. CODE ANN. § 39-17-417(a)(4)'s possession of a controlled substance with intent to deliver includes possession with intent *to attempt* to deliver, meaning that possession with intent to deliver encompasses attempts. *See* Appellant Br. at 15–17. And, appearing to apply the categorical approach, he asserts that individuals "can be convicted" of this crime in Tennessee based on Tennessee's pattern jury instructions. *Id.* The clear, though unstated, implication of this argument is that McClain's conviction for possession with intent to

deliver is barred by *Havis* because attempt crimes may not serve as controlled-substance offenses under § 4B1.2(b). *See* Appellant Br. at 10. His arguments do not prove successful, however.

As a preliminary matter, McClain relies on *Havis* for the proposition that Tennessee's statutory definition of "delivery" includes attempted delivery. *See id.* at 7, 13–15, 16–17; Reply Br. at 1. In *Havis*, we accepted the parties' agreement that delivery under § 39-17-417(a)(2) includes attempted delivery. *See Havis*, 927 F.3d at 385. McClain takes *Havis* one step further by asserting that possession with intent to deliver under § 39-17-417(a)(4) includes an attempt offense, possession with intent to attempt to deliver, based on this definition of delivery. *See* Appellant Br. at 16–17.

The government raises a variety of arguments as to why the definition of "delivery" does not include attempted delivery, many of which were raised by the concurring opinion in the denial of en banc reconsideration in *Havis*, *United States v. Havis*, 929 F.3d 317, 318–20 (6th Cir. 2019) (Sutton, J., concurring). *See* Appellee Br. at 10–12. McClain responds to none of them, and so we lack the benefit of responsive briefing to address this question. Fortunately, we need not attempt to do so because even crediting McClain's argument that Tennessee's definition of "delivery" includes attempted delivery, he does not show that there is a realistic probability that TENN. CODE ANN. § 39-17-417(a)(4) would be applied to possession of a controlled substance with intent to attempt to deliver the controlled substance.

McClain's hypothesized possession-with-intent-to-attempt-to-deliver offense is inconsistent with Tennessee law. There is no realistic probability that Tennessee would apply subsection (a)(4) to possession of a controlled substance with intent to attempt to deliver. In Tennessee, an individual commits a criminal attempt who:

9

(1) *Intentionally engages* in action or causes a result that would constitute an offense, if the circumstances surrounding the conduct were as the person believes them to be;

(2) Acts with *intent to cause* a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or

(3) Acts with *intent to complete a course of action or cause a result that would constitute the offense*, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

TENN. CODE ANN. § 39-12-101(a) (2019) (emphasis added). In other words, a defendant must intentionally act, or intend to "to complete a course of action or cause a result." *State v. Mateyko*, 53 S.W.3d 666, 673 (Tenn. 2001) (quoting TENN. CODE ANN. § 39-12-101, cmts.); *see also State v. Hall*, --- S.W.3d ----, No. M2015-02402-SC-R11-CD, 2019 WL 117580 , at *11 (Tenn. Jan. 7, 2019) (applying the criminal-attempt statute). Tennessee does not appear to recognize an intent to attempt an offense as a permitted mental state for criminal attempts.

This conclusion is bolstered by the fact that McClain has not provided a case, nor can we find one, recognizing intent to attempt as a state of mind—in any context, criminal or otherwise—or a case in which Tennessee prosecuted possession of a controlled substance with intent to attempt to deliver. The only cases prosecuting subsection (a)(4) for an attempt do so on the basis of *attempted possession* with the intent to manufacture, sell, or deliver. *See, e.g.*, *State v. Champion*, No. W2019–00230–CCA–R3–CD, 2020 WL 504826, at *4 (Tenn. Crim. App. Jan. 30, 2020). Based on the arguments presented, we cannot conclude that there is a realistic probability that Tennessee would apply subsection (a)(4) to possession of a controlled substance with intent to attempt to deliver the controlled substance.

McClain points to Tennessee's pattern jury instructions, Appellant Br. at 15–17, but the instructions do not demonstrate a realistic probability that Tennessee would apply subsection (a)(4) to possession with intent to attempt to deliver. The instructions only repackage the text of TENN. CODE ANN. §§ 39-17-417(a)(4) and 39-17-402(6). *See* 7 TENN. PRAC. PATTERN JURY INSTR. T.P.I-CRIM 31.04 (Westlaw Oct. 2019).

For these reasons, we cannot conclude that the district court erred when it permitted McClain's conviction under § 39-17-417(a)(4) for possession of a controlled substance with intent to deliver to serve as a predicate offense for the application of Guideline § 4B1.2.[2]

## IV. CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court.

---

[2]The parties agree that it is not necessary to determine whether subsection (a)(4) is further divisible. *See* Appellant Br. at 10; Appellee Br. at 9. Because we conclude that there is no realistic probability that possession of controlled substances with intent to attempt to deliver would be penalized in Tennessee, we agree, and we decline to resolve this question today.