**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0417n.06

**Case No. 19-3632**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 20, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| ZIAIRE DUFFY, | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

**BEFORE: MOORE, CLAY, and MURPHY, Circuit Judges.**

**CLAY, Circuit Judge.** In 2019, Defendant Ziaire Duffy pleaded guilty to seven drug distribution charges, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, and one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). He was subsequently sentenced to 270 months' imprisonment. Duffy now appeals his sentence, contending that the district court wrongly classified him as a career offender and miscalculated his offense level under the sentencing guidelines. Because the district court made neither of the alleged sentencing errors, we **AFFIRM** the judgment.

**BACKGROUND**

In September 2018, Ziaire Duffy was indicted in federal court for several drug offenses. He was charged with possession with intent to distribute cocaine, heroin, fentanyl, and fentanyl

analogue, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)–(C), and 18 U.S.C. § 2. He was also charged with being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1).

In February 2019, Duffy pleaded guilty to all counts without a plea agreement. Based upon the pre-sentence report (PSR), the district court found that Duffy was a career offender. Duffy's counsel did not object to this finding. The district court also found that Duffy had a criminal history category of VI. The court calculated his base offense level to be 37 and his final offense level to be 34, after a three point reduction for acceptance of responsibility, which yielded a guidelines range of 262 to 327 months' imprisonment. It then imposed a sentence of 270 months' imprisonment. This timely appeal followed.

## DISCUSSION

### I.    Career Offender Classification

Section 4B1.1(a) of the United States Sentencing Guidelines provides that a defendant is a career offender if: (1) he was at least eighteen years old when he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. Duffy claims that the district court erroneously counted two of his prior Ohio convictions for trafficking cocaine as predicate controlled substance offenses and therefore he is not a career offender.

When properly preserved, the issue of "[w]hether a prior conviction counts as a predicate offense under the Guidelines is a question of law subject to de novo review." *United States v. Havis*, 927 F.3d 382, 384 (6th Cir. 2019) (en banc) (per curiam). In this case, Duffy's counsel did not object to Duffy's career offender classification at sentencing. Nevertheless, Duffy's claim was properly preserved for two reasons. First, the district court failed to meet its obligation under

*United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004), to ask defense counsel whether there were any objections to Duffy's sentence. Instead, the district court expressly asked only the government for objections. *See United States v. Clark*, 469 F.3d 568, 570 (6th Cir. 2006) (holding that "[a] district court can satisfy the requirements of the *Bostic* rule only by clearly asking for objections to the sentence that have not been previously raised"). Second, Duffy himself objected to his career offender classification at sentencing. He argued that under *Havis* one of his convictions was not a predicate offense. The court replied that it "will overrule the objection" and told Duffy "[y]ou can appeal it if you wish." R. 34, Sent. Hr'g Tr., PageID # 218–19. Thus, we will review this claim *de novo*.

When determining whether a state offense qualifies as a controlled substance offense, we apply the categorical approach and compare the elements of the state offense to the elements of a controlled substance offense as defined in the guidelines. *See, e.g.*, *United States v. Woodruff*, 735 F.3d 445, 449–50 (6th Cir. 2013). If the elements of the state offense are encompassed by the guidelines definition, then the state offense is a valid predicate offense that we may consider in determining whether a defendant should be classified as a career offender. *See id.* (comparing the elements of Tennessee facilitation to the guidelines definition of controlled substance offenses and finding facilitation not to be a predicate offense).

Pursuant to the guidelines, a "[c]ontrolled substance offense" includes any federal or state felony offense that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance, or possession with intent to manufacture, import, export, distribute or dispense a controlled substance. U.S.S.G. § 4B1.2(b). An application note to this provision clarifies that "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* at cmt. n.1.

According to the PSR, Duffy was convicted of cocaine trafficking in Ohio court in 2013 and 2014. The PSR does not, however, cite which Ohio laws Duffy violated. Regardless, the parties agree that he was convicted under Ohio Rev. Code § 2925.03(A). Duffy's state court indictments and guilty pleas confirm this. That state statute provides that no individual shall knowingly:

> (1) Sell or offer to sell a controlled substance or a controlled substance analog;
>
> (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

Ohio Rev. Code § 2925.03(A).

Duffy claims that his Ohio convictions are not predicate offenses because of this Court's recent decision in *United States v. Havis*. In that case, we observed that only an application note to § 4B1.2, rather than the text of the guidelines itself, indicates that attempt crimes are encompassed by the provision. 927 F.3d at 386. And application notes bind this Court only to the extent they are consistent with the text of the related guideline. *Id*. We thus concluded that attempt crimes do not qualify as controlled substance offenses because "[t]he text of § 4B1.2(b) controls, and it makes clear that attempt crimes do not qualify as controlled substance offenses." *Id.* at 387.

Applying *Havis* to this case, Duffy says, requires us to reject his Ohio convictions as predicate offenses. This is because Ohio Rev. Code § 2925.03(A)(1) encompasses attempt offenses (i.e., an "offer to sell a controlled substance"), and under the categorical approach we are to look at "'the least of th[e] acts' criminalized" by the statute at issue. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)). And, Duffy continues, because "the least of the acts criminalized" by § 2925.03 are attempts, neither of his

state convictions are valid predicate offenses. Appellant's Br. at 18; *see United States v. Powell*, 781 F. App'x 487, 489–90 (6th Cir. 2019) (finding that defendant's conviction under Ohio Rev. Code § 2925.03(A)(1) does not qualify as a controlled substance offense in light of *Havis*).

However, if a statute identifies multiple crimes with different elements, then it is divisible and courts apply the "modified categorical approach" to ascertain whether the record of the prior conviction establishes that the defendant committed a predicate offense. *See United States v. Smith*, 960 F.3d 883, 887 (6th Cir. 2020). Indeed, the government argues that *Havis* is inapplicable to Duffy's case for this very reason. It says that § 2925.03 is divisible and the provision of the statute that Duffy actually violated—that is, § 2925.03(A)(2)—is a categorical controlled substance offense.

We have previously held that that Ohio Rev. Code § 2925.03 is divisible. *United States v. Wright*, 43 F. App'x 848, 852 (6th Cir. 2002) (explaining that "[s]ection 2925.03 includes both qualifying and non-qualifying crimes" for predicate offense purposes under U.S.S.G. § 4B1.2(b)). We further held that because a violation of § 2925.03(A)(2) requires "possession of a controlled substance with intent to distribute it," it is a categorical predicate offense under U.S.S.G. § 4B1.2(b). *Id.* at 853; *see also United States v. Robinson*, 333 F. App'x 33, 36 (6th Cir. 2009) ("Because § 2925.03(A)(2) includes an element of 'manufacture, import, export, distribution, or dispensing,' or intent to do those things, that subsection of the Ohio statute falls within the ambit of U.S.S.G. § 4B1.2(b)"); *United States v. Karam*, 496 F.3d 1157, 1168 (10th Cir. 2007) (holding that a defendant cannot violate § 2925.03(A)(2) "without engaging in conduct which meets the definition of a controlled substance offense under USSG § 4B1.2(b)").

As for whether *Havis* has cast doubt on these cases, we made clear in both *Wright* and *Robinson* that a conviction under § 2925.03(A)(2) requires actual possession by a defendant with

the intent to distribute a controlled substance. Nothing in that provision suggests that it, unlike § 2925.03(A)(1), encompasses attempt crimes. And to remove any remaining uncertainty regarding this conclusion, we recently affirmed *Wright* in a published opinion and held that "[Ohio Rev. Code] § 2925.03(A)(2) falls safely within the Guideline's contours." *Smith*, 960 F.3d at 889.

After determining that a statute is divisible and contains a provision that qualifies as a predicate offense, we must ascertain whether the defendant was convicted of that provision. *Id.* at 887. To do so, we may review "documents such as indictments and jury instructions . . . to determine which particular offense the defendant was convicted of and, in turn, whether that offense qualifies under § 4B1.2(b)." *Id.* (citations omitted). The documents we can review are known as *Shepard* documents. *See Shepard v. United States*, 544 U.S. 13, 16 (2005) (identifying the reviewable documents as generally including only "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"). In the present case, Duffy's *Shepard*-approved state court documents clarify that both his 2013 and 2014 convictions involved charges for trafficking drugs in violation of § 2925.03(A)(2). Duffy was indicted for these crimes and pleaded guilty to each one. Therefore, he was convicted of at least two controlled substance offenses prior to his instant offense and he was properly classified as a career offender.

Duffy's only response to this conclusion is that because the district court did not have the state court indictments and guilty pleas before it when it classified Duffy as a career offender, the court erroneously ruled that convictions under the more general § 2925.03 categorically qualify as predicate offenses. Indeed, it appears that the court relied on the PSR, which did not specify under which subsection of § 2925.03 Duffy was convicted. And as was previously discussed, we held in *Havis* that a conviction under a statute like § 2925.03(A)(1) is not a predicate offense because it

encompasses mere attempts. However, the government has filed a motion in this Court asking us to take judicial notice of Duffy's state court indictments and guilty pleas in his 2013 and 2014 convictions to verify that he was convicted under § 2925.03(A)(2). We granted a similar motion in *United States v. Ferguson*, 681 F.3d 826, 833 (6th Cir. 2012), where we held that a district court's erroneous use of a PSR to determine a defendant's eligibility for a sentence enhancement "does not affect his substantial rights if such a determination has independent support in sources approved by *Shepard*." This Court further observed that "[t]his independent support may be derived from judicially noticeable facts established by *Shepard* documents submitted for the first time on appeal." *Id.* at 834.[1] Moreover, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Ferguson*, 681 F.3d at 834 (finding that judicial records meet the standard for judicial notice). We therefore grant the government's motion to take judicial notice of the relevant state court documents and find that Duffy was properly classified as a career offender.

## II.    Base Offense Level

Duffy also challenges the district court's computation of his base offense level. The district court relied on the PSR's finding that Duffy's base offense level was 37 because the maximum term of imprisonment for Count 3—possession with intent to distribute a controlled substance in

---

[1] Admittedly, we were reviewing the district court's sentence in *Ferguson* for plain error. Nevertheless, to the degree the district court erred in the present case by relying on the PSR rather than Duffy's state court indictments and plea agreements, because the applicable *Shepard* documents validate the district court's decision, this error was harmless. *See United States v. Susany*, 893 F.3d 364, 368 (6th Cir. 2018) ("Sentencing errors are harmless where this court is convinced that the 'error at sentencing did not cause the defendant to receive a more severe sentence' than would have existed without the error.") (quoting *United States v. Davis*, 751 F.3d 769, 773 (6th Cir. 2014)).

violation of 21 U.S.C. § 841—was life and Duffy had a criminal history category of VI. *See* U.S.S.G. § 4B1.1(b)(1).

The government concedes that we review the district court's decision for an abuse of discretion because, as noted in the preceding section, the court did not ask Duffy if he had any objections pursuant to *Bostic*. A district court commits reversible procedural error if it improperly calculates a defendant's guidelines range. *See, e.g.*, *United States v. Martinez*, 588 F.3d 301, 324 (6th Cir. 2009).

Count 3 of Duffy's indictment charged him with possession with intent to distribute "approximately 150.6 grams of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and cyclopropyl fentanyl, a Schedule I controlled substance, and a fentanyl analogue." R. 1, Indictment, PageID # 2. This was a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The latter provision provides the penalty for the offense: a defendant faces a maximum term of life imprisonment if their offense involved "400 grams or more of a mixture or substance containing a detectable amount of [fentanyl] or 100 grams or more of a mixture or substance containing a detectable amount of any analogue of [fentanyl]." 21 U.S.C. § 841(b)(1)(A)(vi).

Duffy argues that the record does not establish that he possessed a sufficient quantity of fentanyl or a fentanyl analogue to meet the minimum quantity requirement to trigger the possibility of a life sentence. He claims that because the indictment does not identify what proportion of the substance Duffy possessed was fentanyl and what proportion was a fentanyl analogue, he has not clearly met either of the statutory thresholds for a life sentence.

This argument misconstrues the plain language of the statute. All § 841(b)(1)(A)(vi) requires is that the defendant possess a substance of a certain weight containing a "detectable

amount" of fentanyl or a fentanyl analogue. The minimum weight requirements refer to the weight of the substance, not the weight of the drugs mixed therein. *See United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) ("Congress itself specifically determined that punishments for possession or distribution of fentanyl should be based not on the weight of fentanyl alone, but rather upon the weight of any 'mixture or substance containing *a detectable amount* of [fentanyl].'" (quoting 21 U.S.C. § 841(b)(1)(A)(vi))). Duffy pleaded guilty to Count 3, which alleged that he possessed 150.6 grams of a substance containing a detectable amount of a fentanyl analogue. Therefore, he has met the requirements of § 841(b)(1)(A)(vi), regardless of how much fentanyl analogue there actually was in the substance. The district court did not err in applying the plain terms of this provision to find that Duffy had a base offense level of 37 and to calculate his guidelines range accordingly.

## CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.